Filed 12/28/20  P. v. Young CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br>     Plaintiff and Respondent, <br> v. <br> TORIANO ADARYL YOUNG, <br>     Defendant and Appellant. | A158216 <br> (Contra Costa County <br> Super. Ct. No. 5-991206-4) |

Toriano Adaryl Young appeals from the summary denial of his petition for resentencing under Penal Code section 1170.95.[1]  His attorney has filed a brief raising no issues in accordance with the procedure prescribed in *People v. Wende* (1979) 25 Cal.3d 436.  Young filed a supplemental pro se brief, which we have considered.  We shall affirm.

**I.**

An indictment filed by the Contra Costa County District Attorney charged Young and Jason Payne with, as pertinent here, the murder of Jonathan Washington (§ 187), conspiracy to commit murder and robbery (§ 182, subd. (a)(1)), street terrorism (§ 186.22, subd. (a)), and second degree robbery (§§ 211; 212.5(c)).

---

[1] All subsequent statutory references are to the Penal Code.

1

On September 19, 2001, a jury convicted Young of these and other charges.  The murder was found to be of the first degree.  The court found true the following overt act committed in furtherance of the conspiracy to commit murder:  "On April 8, 1999, at Contra Costa County, Jason Payne shot Jonathan Washington in the face," but the jury found not true the allegations appellant used and discharged a firearm during the commission of the murder.

On the first degree murder conviction, the court sentenced appellant to 25 years to life in prison for murder.

On February 14, 2019, appellant filed a pro se petition for resentencing under section 1170.95.  He alleged he was not the actual killer, did not have the intent to kill, did not aid and abet the killing, and could not be convicted of murder under current law.  He attached a notarized affidavit from codefendant Jason Payne.  Payne stated Young never discussed any plan to shoot and kill Jonathan Washington.  According to Payne, "This act was done by me, and the actions I took to use a firearm in the death of Jonathan Washington was my own choice."

The court appointed counsel to represent appellant and the prosecutor filed an opposition.  The opposition argued appellant was not entitled to resentencing because he was not convicted of felony murder or under a natural and probable consequences doctrine.  "He was convicted of murder based upon his own express malice aforethought, a fact which is uncontrovertibly proven by the verdicts."  Appointed counsel filed no reply.

Agreeing with the prosecutor, the court denied appellant's resentencing petition.  After stating that in doing so it considered "the Indictment, Abstract of Judgment, jury notes, minute orders, and the unpublished decision on direct appeal," the court explained the denial as follows:  "[Young]

2

has not made a showing either that he was convicted of felony murder or that he 'could not be convicted of . . . murder because of changes to Section 188 or 189 made effective on January 1, 2019.' "[2] "Because [Young] was not convicted of felony murder or murder under the natural and probable consequences doctrine, and because he still could be convicted of first degree premeditated murder under the current statutes as amended, SB 1437 does not provide [him] with any relief."

Our unpublished opinion affirming Young's conviction addresses purely legal issues and does not recite the circumstances of the crimes at issue. (*People v. Young* (July 21, 2006, A105773) [nonpub. opn.].) Thus, there is virtually nothing in the record presented here that sheds any light on the specific facts concerning how the crimes were carried out and who did what in committing them. In an apparent effort to fill that gap, the prosecutor's opposition to Young's resentencing petition set forth a detailed account of the trial evidence. But in denying Young's resentencing petition, the trial court stated that "the decision on this petition is based on the trial court docket, particularly the jury's verdicts, so the underlying facts are not essential to this court's decision."

Appellant filed a timely notice of appeal.

## II.

We are not required to undertake an independent review of the summary denial of a section 1170.95 resentencing petition under *People v. Wende*, *supra*, 25 Cal.3d 436, but nothing prohibits us from exercising our discretion to do so. (*People v. Flores* (2020) 54 Cal.App.5th 266.) We have chosen to conduct a discretionary *Wende* review in this case. And having

---

[2] See Senate Bill No. 1437 (2017–2018 Reg. Sess.) sections 2–4 (SB 1437); Penal Code sections 188, 189, 1170.95.

reviewed the entire record of the proceedings on the resentencing petition, together with the portions of the record of conviction on which the trial court relied, we discern no issues that warrant further briefing.

Under *Anders v. California* (1967) 386 U.S. 738, Young's appointed counsel on appeal suggests that we specifically consider whether briefing may be worthwhile on the following six issues:

1. In view of the recent opinion of Division One of this court in *People v. Cooper* (2020) 54 Cal.App.5th 106, was it error for the trial court to look beyond the four corners of the petition and to consider documents in the court's file in finding no prima facie case and summarily denying the petition without a hearing?

2. Did the trial court err in summarily denying the petition without any consideration of the codefendant's declaration indicating that he killed Jonathan Washington, was solely responsible for the shooting and that he and Young did not conspire to commit that crime?

3. Did the trial court err in finding no prima facie case and denying the petition without a hearing without considering the import of the jury's finding that Young did not personally use a firearm and that the codefendant was the shooter?

4. Did the trial court err in finding no prima facie case and denying the petition without a hearing without considering the import of the "natural and probable consequence" and "in furtherance of" language found in the conspiracy instructions?

5. Did defense counsel in the section 1170.95 proceeding render ineffective assistance in failing to file a reply to the prosecution's opposition brief and thus allowing the court to treat the factual representations in the opposition brief as "unrebutted"?

4

6. Did defense counsel render ineffective assistance in failing to contest those factual allegations or to object to admissibility of the prosecutor's hearsay account of the trial evidence at that stage?

We have specifically considered these issues and see no need for briefing on any of them. The record of conviction shows that a jury convicted Young of conspiracy to commit first degree murder. As a result, the jury necessarily found that he harbored the requisite intent to support such a conviction—in 2001, when he was tried, and today, under current law.

We see nothing in the jury's verdicts or in the jury instructions to support Young's allegation that he was convicted under a natural and probable consequences theory that vicariously attributed Payne's intent to him. The "natural and probable consequence" and "in furtherance language" brought to our attention by Young's appellate counsel is contained in instructions addressing circumstances in which a coconspirator is not liable for the conduct of a fellow conspirator. That instruction, especially when read together with the other instructions, could not have been reasonably read to permit a jury to ignore the instruction requiring that the necessary murderous intent be found as to each conspirator.

*People v. Cooper*, *supra*, 54 Cal.App.5th 106, to which appellate counsel draws our attention, addresses when the right to appointment of counsel arises in the process specified by section 1170.95, subdivision (c) for evaluating whether the petitioner has stated a prima facie showing for section 1170.95 relief. (*Cooper*, at pp. 115–118.) The panel in *Cooper* disagreed with other Court of Appeal panels that have construed section 1170.95 to require two separate and distinct steps under section 1170.95, subdivision (c) for reviewing the sufficiency of a petitioner's

5

alleged prima facie case.  (*Cooper*, at pp. 118–119.)  This case does not present that issue.

We do not read *Cooper* to hold, expressly or impliedly, that a trial court may never "look beyond the four corners of the petition" in evaluating the prima facie sufficiency of a section 1170.95 petition.  Whether a trial court may consider the record of conviction in evaluating the adequacy of a prima facie case for relief under section 1170.95 is currently pending on review before the California Supreme Court in *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138, review granted March 18, 2020, S260598, but we see no need for briefing on it here.  While section 1170.95 does not permit factfinding in the first instance at the prima facie evaluation stage (*People v. Drayton* (2020) 47 Cal.App.5th 965, 982), we are aware of no authority to date that requires trial courts to accept allegations from section 1170.95 petitioners that are contrary to incontrovertible facts established by the record of conviction.

Nor do we see any need for briefing on the ineffective assistance of counsel issues raised by Young.  Nothing that could have been said in a reply brief from his counsel would have made any difference here, and since the trial court expressly did not rely on the facts set forth in the prosecution's account of the trial evidence, no prejudice showing could be made even if counsel could have, and should have, objected to the prosecution's representations about the circumstances surrounding the crime.

## DISPOSITION

The trial court's order denying Young's section 1170.95 resentencing petition is affirmed.

STREETER, Acting P. J.

WE CONCUR:

TUCHER, J.
BROWN, J.

6